UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALK N WIN, INC., et al., | CASE NO. CV F 13-0971 LJO SKO |
| Plaintiffs, | **ORDER ON PLAINTIFFS' REQUESTED INJUNCTIVE RELIEF** (Doc. 3) |
| vs. | |
| KAMALA D. HARRIS, et al., | |
| Defendants. | |
| _____/ | |

## PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider, and if necessary, to reconsider consent to a U.S. Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases. A Magistrate Judge consent form is available on this Court's website.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California. Case management difficulties, including trial setting and interruption, are avoided if the parties consent to conduct of further proceedings by a U.S. Magistrate Judge.

**ORDER**

Plaintiffs Talk N Win, Inc. ("TNW") and Silva Ghreir ("Ms. Ghreir") filed June 25, 2013 papers (doc. 3) to seek to enjoin destruction of property ("property") seized by the Visalia Police Department ("VPD") during May 28, 2013 searches of Ms. Ghreir's residential and commercial properties. Leonard Herr ("Mr. Herr"), counsel for the City of Visalia ("City"), filed his June 26, 2013 declaration that the City and VPD "have no present intention to destroy any of the property seized" and to commit to give a 10-day notice of the City's intention to return, possess or destroy the property. Mr. Herr's declaration renders moot TNW and Ms. Ghreir's requested injunctive relief as to property destruction and retention. As such, this Court DENIES TNW and Ms. Ghreir (collectively "plaintiffs'") injunctive relief, including a preliminary injunction, as to property destruction and retention.

Plaintiffs' June 25, 2013 papers (doc. 3) further seek injunctive relief regarding a criminal investigation into plaintiffs' sale and promotion of prepaid telephone calling cards. Plaintiffs fail to demonstrate that this Court is empowered to grant the overbroad injunctive relief they seek regarding the criminal investigation. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746. Plaintiffs fail to demonstrate that they have exhausted state court remedies. *See Mannes v. Gillespie*, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).

When a government agency is involved, it must "be granted 'the widest latitude in the

dispatch of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, if anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" *Gomez*, 255 F.3d at 1128 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

Furthermore, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983) (quoting *O'Shea*, 414 U.S. at 502, 94 S.Ct. at 679). Plaintiffs address defendants' past conduct to raise claims, and should plaintiffs prevail, plaintiffs' injuries will not go unrecompensed because plaintiffs have an adequate remedy at law. *Lyons*, 461 U.S. at 111, 103 S.Ct. at 1670. Plaintiffs are not entitled to a temporary restraining order ("TRO") as to defendants' past conduct because there is no allegation, and no argument made by plaintiffs, that they will be wronged again by defendants. As such, this Court DENIES a TRO as plaintiffs' requests in page 3, line 24 to page 4, line 11 of their application (doc. 3) and page 4, line one to page 4, line 16 of their proposed order (doc. 3-12).

Given this order, this Court questions the need to address and merits of a preliminary injunction motion as to plaintiffs' requests in page 3, line 24 to page 4, line 11 of their application (doc. 3) and page 4, line one to page 4, line 16 of their proposed order (doc. 3-12). As such, this Court ORDERS plaintiffs' counsel, no later than July 2, 2013, to file and serve papers to indicate whether plaintiffs continue to request a preliminary injunction. If plaintiffs indicate that they wish to pursue a preliminary injunction, this Court will set deadlines for

///
///
///
///

3

1  defendants to oppose a preliminary injunction and for plaintiffs to file reply papers.

5  IT IS SO ORDERED.

6     Dated:   **June 27, 2013**                              **/s/ Lawrence J. O'Neill**
7                                                              UNITED STATES DISTRICT JUDGE